IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EL SHAFIYQ ASAD ALI : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| v. : | No. 2:10-cv-2637 |
| : | |
| ENTERPRISE LEASING COMPANY OF : | |
| PHILADELPHIA, LLC : | |
| Defendant. : | |

Goldberg, J.                                                                                            September 27, 2011

**MEMORANDUM OPINION**

     Plaintiff, El Shafiyq Asad Ali, has brought suit against Defendant, Enterprise Leasing Company of Philadelphia, LLC, alleging employment discrimination and unlawful retaliation. Plaintiff's four count complaint alleges race discrimination in violation of 42 U.S.C. § 1981 (Count I); unlawful retaliation in violation of 42 U.S.C. § 1981 (Count II); race, gender, and national origin discrimination in violation of Title VII, 42 U.S.C. § 2000e-5 et seq. (Count III); and unlawful retaliation in violation of Title VII, 42 U.S.C. § 2000e-5 et seq. (Count IV). (Third Amended Compl., Doc. No. 27, ¶¶ 31-42.)

     Presently before the Court is Defendant's Motion to Dismiss Counts III and IV of Plaintiff's complaint for failing to state a claim upon which relief can be granted. (Doc. No. 28.) Upon consideration of Defendant's motion and supporting brief, as well as Plaintiff's response (Doc. No. 29), and for the reasons expressed below, Defendant's motion will be granted.

**I. Background**

Based upon the averments in the complaint, the pertinent facts, viewed in the light most favorable to Plaintiff, are as follows:

Plaintiff is an American Indian, who was employed by Defendant as a customer service/sales agent beginning approximately October 24, 2007. (Third Amended Compl. ¶¶ 6-8.) Plaintiff alleges he was subject to racial slurs and offensive conduct as a result of his race for a significant period of time during his employment. (Id. at ¶ 9.) When Plaintiff reported this conduct to supervisors, he claims he was retaliated against by fellow employees through the filing of falsified time sheets and reports in his employment file in an effort to have him fired. (Id. at ¶ 18.) On November 29, 2008, Plaintiff was notified that his employment was to be terminated, effective the next day. (Id. at ¶ 21.) Plaintiff contacted Defendant's General Manager, Todd Kanzinger, on December 1, 2008, to pursue an internal review of his termination. (Id. at ¶ 22.) He met with Kanzinger on December 4, 2008, and his termination was initially rescinded. (Id. at ¶ 23-24.) However, when Plaintiff informed Kanzinger that he felt as though he was being treated improperly, Kanzinger withdrew his decision to reinstate Plaintiff and informed Plaintiff his termination was final. (Id.)

Plaintiff first attempted to file a charge of race and national origin discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 29, 2009 by filling out an intake form and meeting with EEOC representative, Joan Gitmer. (Resp. at 7-8.) Gitmer refused to prepare the charge and informed Plaintiff that he was past the 300 day filing requirement. (Id.) Instead, Gitmer prepared a Decision Not to File Form. (Id. at 9.) Plaintiff disagreed with Gitmer that his charge was untimely, and signed the form "El Ali All Rights Reserved." (Id. at 9; Mot. Ex. A.) Plaintiff later contacted the EEOC again and insisted on filing a charge. (Resp. at 10.) On

January 12, 2010, Plaintiff met with EEOC investigator Cheltan Petal, who completed and filed the EEOC charge document on that day. (Id.)

On March 2, 2010, the EEOC determined that it lacked jurisdiction because Plaintiff failed to timely file his charge, and forwarded Plaintiff a right to sue letter. (Mot. Ex. D.) On June 8, 2010, Plaintiff commenced the above-captioned action. (Compl., Doc. No. 3.)

**II. Standard of Review**

In reviewing a motion for summary judgment[1], the court shall grant the motion if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The court "must view the facts in the light most favorable to the non-moving party, and draw all reasonable inferences therefrom in that party's favor." N.J. Transit Corp. v. Harsco Corp., 497 F.3d 323, 326 (3d Cir. 2007).

**III. Analysis**

Defendant argues Plaintiff's complaint fails to state a claim upon which relief may be granted in that Plaintiff did not exhaust his administrative remedies when he failed to file a charge with the EEOC within 300 days of the complained of activity.

"The causes of action created by Title VII do not arise simply by virtue of the events of discrimination which that title prohibits. A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC . . . for conciliation or resolution." Hornsby v. U.S. Postal

---

[1] Defendant originally filed this motion as a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant requested that this Court, if necessary, interpret the motion as one for summary judgment under Federal Rule of Civil Procedure 56. (Mot. at FN. 1.) As Defendant attached to the motion exhibits that were not contained in the pleadings, we construe its motion as one for summary judgment.

Service, 787 F.2d 87, 90 (3d Cir. 1986). States, such as Pennsylvania, which have an agency authorized to grant relief on employment discrimination claims are known as "deferral states." Watson v. Eastman Kodak Co., 235 F.3d 831, 854 (3d Cir. 2000). Plaintiffs in deferral states have 300 days from the date of the complained of activity to file a charge with the EEOC. Id.; 42 U.S.C. § 2000e-5(e)(1). However, prior to filing with the EEOC, plaintiffs must first seek redress through the state agency. 42 U.S.C. § 2000e-5(c). In an effort to allow state agencies to first address the complaint, the EEOC may not file a plaintiff's charge until "the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated." Id.; Mohasco Corp. v. Silver, 447 U.S. 807, 817 (1980). A charge submitted to the EEOC prior to filing with a state agency may not be deemed filed with the EEOC for § 2000e-5(e) purposes until after the expiration of the sixty day period or the termination of the state proceedings. Mohasco, 447 U.S. at 821.

Defendant presents a number of arguments addressing whether the EEOC charge should be considered filed, the extent to which the Plaintiff's claims were included in the charge, and the timeliness of the charge in terms of the adverse employment actions. We need not address these arguments, however, because even assuming Plaintiff's meeting with the EEOC on September 29, 2009 was a proper attempt to file a charge, he has still failed to comply with the timing requirements of § 2000e-5(c).

The latest date at which Plaintiff alleges he was the victim of discriminatory treatment was December 4, 2008. (Third Amended Compl. ¶ 24.) The earliest date at which Plaintiff contacted the EEOC was September 29, 2009. (Resp. at 7.) Plaintiff's first contact with the EEOC was therefore at least 299 days after the complained of activity. Plaintiff failed, however, to make any contact with

the Pennsylvania Human Relations Commission ("PHRC").  (Mot. Ex. B.)  Therefore, § 2000e-5(c) prohibited the EEOC from filing Plaintiff's charge on September 29, 2009.  Assuming the EEOC forwarded the complaint to the PHRC on September 29th, the EEOC could not file the complaint until 60 days thereafter, or 359 days after the latest complained of activity.  Plaintiff's filing with the EEOC thus exceeded the timeliness requirement of § 2000e-5 by 59 days.  Consequently, Plaintiff has failed to exhaust his administrative remedies and therefore has not met the prerequisite for filing a Title VII claim in federal court.  As there exists no genuine dispute as to Plaintiff's timeliness, Defendant is entitled to judgment as a matter of law.

**IV. Conclusion**

For the reasons set forth above, Defendant Enterprise Leasing Company of Philadelphia, LLC's motion will be granted, and Counts III and IV of Plaintiff El Shafiyq Asad Ali's complaint will be dismissed.

Our Order follows.